**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC,<br><br>     Plaintiff,<br><br>v.<br><br>LG ELECTRONICS, INC.,<br>LG ELECTRONICS U.S.A., INC.,<br>AT&T INC.,<br>AT&T MOBILITY LLC,<br>VERIZON COMMUNICATIONS, INC.,<br>CELLCO PARTNERSHIP D/B/A<br>VERIZON WIRELESS,<br>SPRINT NEXTEL CORPORATION,<br>SPRINT SOLUTIONS, INC.,<br>SPRINT SPECTRUM L.P.,<br>BOOST MOBILE, LLC,<br>T-MOBILE USA, INC., and<br>T-MOBILE US, INC.,<br><br>     Defendants. | CIVIL ACTION NO. 6:14-cv-982<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Cellular Communications Equipment LLC files this Original Complaint against LG Electronics, Inc.; LG Electronics U.S.A., Inc.; AT&T Inc.; AT&T Mobility LLC; Verizon Communications, Inc.; Cellco Partnership d/b/a Verizon Wireless; Sprint Nextel Corporation; Sprint Solutions, Inc.; Sprint Spectrum L.P.; Boost Mobile, LLC; T-Mobile USA, Inc.; and T-Mobile US, Inc. (collectively, the "Defendants") for infringement of U.S. Patent No. 8,385,966 ("the '966 patent"), U.S. Patent No. 8,848,556 ("the '556 patent"), and U.S. Patent No. 8,868,060 ("the '060 patent").

## THE PARTIES

1.      Cellular Communications Equipment LLC ("CCE") is a Texas limited liability company with its principal place of business in Plano, Texas.

2.      On information and belief, LG Electronics, Inc. is incorporated under the laws of South Korea with its principal place of business at LG Twin Towers 20, Yeouido-dong, Yeongdeunspo-gu, Seoul 150-721, South Korea.  This Defendant may be served with process at its principal place of business at LG Twin Towers 20, Yeouido-dong, Yeongdeunspo-gu, Seoul 150-721, South Korea.  This Defendant does business in the State of Texas and in the Eastern District of Texas.

3.      LG Electronics U.S.A., Inc. (with LG Electronics, Inc., "LG") is a Delaware corporation with its principal place of business in Englewood Cliffs, New Jersey.   This Defendant may be served with process through its agent, United States Corporation Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.  This Defendant does business in the State of Texas and in the Eastern District of Texas.

4.      AT&T Inc. is a Delaware corporation with its principal place of business in Dallas, Texas.  This Defendant may be served with process through its agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. This Defendant does business in the State of Texas and in the Eastern District of Texas.

5.      AT&T Mobility LLC (with AT&T Inc., "AT&T") is a Delaware limited liability company with its principal place of business in Atlanta, Georgia.  This Defendant may be served with process through its agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.  This Defendant does business in the State of Texas and in the Eastern District of Texas.

6.      Verizon Communications Inc. is a Delaware corporation with its principal place of business in New York, New York.  This Defendant may be served with process through its agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.  This Defendant does business in the State of Texas and in the Eastern District of Texas.

7.      Cellco Partnership d/b/a Verizon Wireless (with Verizon Communications Inc., "Verizon") is a Delaware general partnership with its principal place of business in Basking Ridge, New Jersey.  This Defendant may be served with process through its agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.  This Defendant does business in the State of Texas and in the Eastern District of Texas.

8.      Sprint Nextel Corporation is a Kansas corporation with its principal place of business in Overland Park, Kansas.  This Defendant may be served with process through its agent, Corporation Service Company, 200 S.W. 30th Street, Topeka, Kansas 66611.  This Defendant does business in the State of Texas and in the Eastern District of Texas.

9.      Sprint Solutions, Inc. is a Delaware corporation with its principal place of business in Reston, Virginia.  This Defendant may be served with process through its agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. This Defendant does business in the State of Texas and in the Eastern District of Texas.

10.     Sprint Spectrum L.P. is a Delaware limited partnership with its principal place of business in Overland Park, Kansas.  This Defendant may be served with process through its agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.  This Defendant does business in the State of Texas and in the Eastern District of Texas.

11.     Boost Mobile, LLC (with Sprint Nextel Corporation, Sprint Solutions, Inc., and Sprint Spectrum L.P., "Sprint") is a Delaware limited liability company with its principal place of business in Irvine, California.  This Defendant may be served with process through its agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. This Defendant does business in the State of Texas and in the Eastern District of Texas.

12.     T-Mobile USA, Inc. is a Delaware corporation with a principal place of business in Bellevue, Washington.  This Defendant may be served with process through its agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. This Defendant does business in the State of Texas and in the Eastern District of Texas.

13.     T-Mobile US, Inc. (with T-Mobile USA, Inc., "T-Mobile") is a Delaware corporation with its principal place of business in Bellevue, Washington.  This Defendant may be served with process through its agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.  This Defendant does business in the State of Texas and in the Eastern District of Texas.

## JURISDICTION AND VENUE

14.     This action arises under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

15.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 1367.

16.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b).  On information and belief, each Defendant is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, has purposely transacted business in this judicial district, and/or has regular and established places of business in this judicial district.

4

17.     On information and belief, each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least their substantial  and pervasive business in this State and judicial district, including: (i) at least part of their infringing activities alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Texas residents.

18.     More specifically, Defendants' substantial contacts with the forum include, but are not limited to: (i) the manufacture, marketing, sale, distribution, and use of LG mobile devices; (ii) the marketing and sale of services for mobile device communications; (iii) the ownership and/or operation of stores where LG mobile devices are sold and serviced; and/or (iv) the provision of technical and customer support for LG mobile devices and attendant mobile device communications services.

### COUNT I

(INFRINGEMENT OF U.S. PATENT NO. 8,385,966)

19.     CCE incorporates paragraphs 1 through 18 herein by reference.

20.     CCE is the assignee of the '966 patent, entitled "Method, Apparatus, and Computer Program for Power Control Related to Random Access Procedures" with ownership of all substantial rights in the '966 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.  A true and correct copy of the '966 patent is attached as Exhibit A.

21.     The '966 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

22.     Defendants LG, AT&T, Sprint, T-Mobile, and Verizon have and continue to directly and/or indirectly infringe (by inducing infringement and/or contributing to infringement)

one or more claims of the '966 patent in this judicial district and elsewhere in Texas and the United States, including at least claims 1-7 and 10-17, without the consent or authorization of CCE, by or through their making, having made, offering for sale, selling, importing, testing, and/or use of LG mobile devices, including, for example: the LG G2, LG G3, LG G3 Vigor, LG G Flex, LG G Vista, LG G Pad 7.0 LTE, LG Optimus G, and LG Optimus G Pro (the "'966 AT&T Mobile Devices"); the LG G2, LG G3, LG G3 Vigor, LG G Flex, LG Google Nexus 5, LG Mach, LG Optimus F3, LG Optimus G, and LG Viper (the "'966 Sprint Mobile Devices"); the LG G3, LG Optimus F3Q, LG Optimus F6, LG G Flex, LG Google Nexus 5, and LG Optimus F3 (the "'966 T-Mobile Mobile Devices"); and the LG G3, LG Lucid 3, LG Enact, LG G2, LG G Vista, LG Spectrum 2, LG Lucid 2, LG Lucid 4G, and LG Intuition (the "'966 Verizon Mobile Devices").  These devices are collectively referred to as the "'966 LG Devices."

23.    Defendants directly infringe the apparatus claims of the '966 patent by making, using, testing, offering to sell, selling, and/or importing the '966 LG Devices.  Defendants also directly infringe the '966 patent by making, using, testing, selling, offering for sale, and/or importing the '966 LG Devices to practice the claimed methods.  Defendants are thereby liable for direct infringement.

24.    Additionally, Defendants are liable for indirect infringement of the '966 patent because they induce and/or contribute to the direct infringement of the patent by their customers (including, but not limited to, cellular network providers and/or their subscribers) and other end users who use the '966 LG Devices to practice the claimed methods.

25.    Each Defendant is a 3rd Generation Partnership Project (or "3GPP") member organization, or is affiliated with a 3GPP member organization.  3GPP solicits identification of standard essential patents, and, through 3GPP, Defendants received actual notice of the standard essential patents at issue here.  The '966 patent is one such patent, and Defendants have known

of the patent application that issued as the '966 patent at least as early as June 2011, when it was disclosed to 3GPP via the European Telecommunications Standards Institute ("ETSI," an organizational member of 3GPP).

26.     Despite having knowledge of the '966 patent, Defendants named in this Count have and continue to specifically intend for persons who acquire and use such devices, including Defendants' customers, to use such devices in a manner that infringes the '966 patent, including at least claims 1-7.  This is evident when Defendants encourage and instruct customers and other end users in the use and operation of the '966 LG Devices.

27.     In particular, despite having knowledge of the '966 patent, Defendants have provided, and continue to provide, instructional materials, such as user guides, owner manuals, and similar online resources (available via http://www.lg.com/us/support/cell-phones for instance) that specifically teach the customers and other end users to use the '966 LG Devices in an infringing manner.  By providing such instructions, Defendants know (and have known), or should know (and should have known), that their actions have, and continue to, actively induce infringement.

28.     Additionally, Defendants named in this Count know, and have known, that the '966 LG Devices include proprietary hardware components and software instructions that work in concert to perform specific, intended functions.  Such specific, intended functions, carried out by these hardware and software combinations, are a material part of the inventions of the '966 patent and are not staple articles of commerce suitable for substantial non-infringing use.

29.     On information and belief, despite having knowledge of the '966 patent and knowledge that they are directly and/or indirectly infringing one or more claims of the '966 patent, Defendants named in this Count have nevertheless continued their infringing conduct and disregarded an objectively high likelihood of infringement; thus, Defendants' infringing

activities relative to the '966 patent have been, and continue to be, willful, wanton, and deliberate in disregard of CCE's rights.

30.     On information and belief, LG and AT&T test, make, use, offer for sale, sell, and/or import the '966 AT&T Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices.   Accordingly, LG and AT&T are jointly, severally, or alternatively liable for infringements described in this Count.

31.     On information and belief, LG and Sprint test, make, use, offer for sale, sell, and/or import the '966 Sprint Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices.   Accordingly, LG and Sprint are jointly, severally, or alternatively liable for infringements described in this Count.

32.     On information and belief, LG and T-Mobile test, make, use, offer for sale, sell, and/or import the '966 T-Mobile Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices.   Accordingly, LG and T-Mobile are jointly, severally, or alternatively liable for infringements described in this Count.

33.     On information and belief, LG and Verizon test, make, use, offer for sale, sell, and/or import the '966 Verizon Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices.   Accordingly, LG and Verizon are jointly, severally, or alternatively liable for infringements described in this Count.

34.     CCE has been damaged as a result of Defendants' infringing conduct described in this Count.  Defendants are, thus, liable to CCE in an amount that adequately compensates it for

their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II

### (INFRINGEMENT OF U.S. PATENT NO. 8,848,556)

35.     CCE incorporates paragraphs 1 through 18 herein by reference.

36.     CCE is the assignee of the '556 patent, entitled "Carrier Aggregation with Power Headroom Report," with ownership of all substantial rights in the '556 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.  A true and correct copy of the '556 patent is attached as Exhibit B.

37.     The '556 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

38.     Defendants LG, AT&T, Sprint, and Verizon have and continue to directly infringe one or more claims of the '556 patent in this judicial district and elsewhere in Texas and the United States, including at least claims 13-15 and 21-22, without the consent or authorization of CCE, by or through their making, having made, offering for sale, selling, importing, testing, and/or use of LG mobile devices, including, for example: the LG G2 for AT&T (the "'556 AT&T Mobile Devices"); the LG G2 for Sprint (the "'556 Sprint Mobile Devices"); and the LG G2 for Verizon (the "'556 Verizon Mobile Devices").  These devices are collectively referred to as the "'556 LG Devices."

39.     Defendants directly infringe the apparatus claims of the '556 patent by making, using, testing, offering to sell, selling, and/or importing the '556 LG Devices.  Defendants are thereby liable for direct infringement.

40.     Each Defendant is a 3rd Generation Partnership Project (or "3GPP") member organization, or is affiliated with a 3GPP member organization.  3GPP solicits identification of

standard essential patents, and, through 3GPP, Defendants received actual notice of the standard essential patents at issue here.  The '556 patent is one such patent, and Defendants have known of the patent application that issued as the '556 patent at least as early as October 2012, when it was disclosed to 3GPP via the European Telecommunications Standards Institute ("ETSI," an organizational member of 3GPP).

41.     On information and belief, despite having knowledge of the '556 patent and knowledge that they are directly infringing one or more claims of the '556 patent, Defendants named in this Count have nevertheless continued their infringing conduct and disregarded an objectively high likelihood of infringement; thus, Defendants' infringing activities relative to the '556 patent have been, and continue to be, willful, wanton, and deliberate in disregard of CCE's rights.

42.     On information and belief, LG and AT&T test, make, use, offer for sale, sell, and/or import the '556 AT&T Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices.     Accordingly, LG and AT&T are jointly, severally, or alternatively liable for infringements described in this Count.

43.     On information and belief, LG and Sprint test, make, use, offer for sale, sell, and/or import the '556 Sprint Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices.     Accordingly, LG and Sprint are jointly, severally, or alternatively liable for infringements described in this Count.

44.     On information and belief, LG and Verizon test, make, use, offer for sale, sell, and/or import the '556 Verizon Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such

devices.    Accordingly, LG and Verizon are jointly, severally, or alternatively liable for infringements described in this Count.

45.    CCE has been damaged as a result of Defendants' infringing conduct described in this Count.  Defendants are, thus, liable to CCE in an amount that adequately compensates it for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT III

### (INFRINGEMENT OF U.S. PATENT NO. 8,868,060)

46.    CCE incorporates paragraphs 1 through 18 herein by reference.

47.    CCE is the assignee of the '060 patent, entitled "Method, Network and Device for Information Provision by Using Paging and Cell Broadcast Services," with ownership of all substantial rights in the '060 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.  A true and correct copy of the '060 patent is attached as Exhibit C.

48.    The '060 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

49.    Defendants LG, AT&T, Sprint, T-Mobile, and Verizon have and continue to directly and/or indirectly infringe (by inducing infringement and/or contributing to infringement) one or more claims of the '060 patent in this judicial district and elsewhere in Texas and the United States, including at least claims 1, 3, 7, 9, and 15, without the consent or authorization of CCE, by or through their making, having made, offering for sale, selling, importing, testing, and/or use of LG mobile devices, including, for example: the LG G2, LG G3, LG G3 Vigor, LG G Flex, and LG G Vista (the "'060 AT&T Mobile Devices"); LG G2, LG G3, LG G3 Vigor, and LG G Flex (the "'060 Sprint Mobile Devices"); LG G3, LG Optimus L90, LG Optimus F3Q, LG

Optimus F6, and LG G Flex (the "'060 T-Mobile Mobile Devices"); and LG G3, LG Lucid 3, LG Enact, LG G2, LG G Vista, and LG Spectrum 2 (the "'060 Verizon Mobile Devices"). These devices are collectively referred to as the "'060 LG Devices."

50.     Defendants directly infringe the apparatus claims of the '060 patent by making, using, testing, offering to sell, selling, and/or importing the '060 LG Devices.  Defendants also directly infringe the '060 patent by making, using, selling, offering for sale, and/or importing the '060 LG Devices to practice the claimed methods.  Defendants are thereby liable for direct infringement.

51.     Additionally, Defendants are liable for indirect infringement of the '060 patent because they induce and/or contribute to the direct infringement of the patent by their customers (including, but not limited to, cellular network providers and/or their subscribers) and other end users who use the '060 LG Devices to practice the claimed methods.

52.     Each Defendant is a 3rd Generation Partnership Project (or "3GPP") member organization, or is affiliated with a 3GPP member organization.  3GPP solicits identification of standard essential patents, and, through 3GPP, Defendants received actual notice of the standard essential patents at issue here.  The '060 patent is one such patent, and Defendants have known of the patent application that issued as the '060 patent at least as early as December 14, 2010, when it was disclosed to 3GPP via the European Telecommunications Standards Institute ("ETSI," an organizational member of 3GPP).

53.     Despite having knowledge of the '060 patent, Defendants named in this Count have and continue to specifically intend for persons who acquire and use such devices, including Defendants' customers, to use such devices in a manner that infringes the '060 patent, including at least claims 1 and 3.  This is evident when Defendants encourage and instruct customers and other end users in the use and operation of the '060 LG Devices.

54.     In particular, despite having knowledge of the '060 patent, Defendants have provided, and continue to provide, instructional materials, such as user guides, owner manuals, and similar online resources (available via http://www.lg.com/us/support/cell-phones, for instance) that specifically teach the customers and other end users to use the '060 LG Devices in an infringing manner.  By providing such instructions, Defendants know (and have known), or should know (and should have known), that their actions have, and continue to, actively induce infringement.

55.     Additionally, Defendants named in this Count know, and have known, that the '060 LG Devices include proprietary hardware components and software instructions that work in concert to perform specific, intended functions.  Such specific, intended functions, carried out by these hardware and software combinations, are a material part of the inventions of the '060 patent and are not staple articles of commerce suitable for substantial non-infringing use.

56.     On information and belief, despite having knowledge of the '060 patent and knowledge that they are directly and/or indirectly infringing one or more claims of the '060 patent, Defendants named in this Count have nevertheless continued their infringing conduct and disregarded an objectively high likelihood of infringement; thus, Defendants' infringing activities relative to the '060 patent have been, and continue to be, willful, wanton, and deliberate in disregard of CCE's rights.

57.     On information and belief, LG and AT&T test, make, use, offer for sale, sell, and/or import the '060 AT&T Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices.  Accordingly, LG and AT&T are jointly, severally, or alternatively liable for infringements described in this Count.

58.     On information and belief, LG and Sprint test, make, use, offer for sale, sell, and/or import the '060 Sprint Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices.     Accordingly, LG and Sprint are jointly, severally, or alternatively liable for infringements described in this Count.

59.     On information and belief, LG and T-Mobile test, make, use, offer for sale, sell, and/or import the '060 T-Mobile Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices.     Accordingly, LG and T-Mobile are jointly, severally, or alternatively liable for infringements described in this Count.

60.     On information and belief, LG and Verizon test, make, use, offer for sale, sell, and/or import the '060 Verizon Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices.     Accordingly, LG and Verizon are jointly, severally, or alternatively liable for infringements described in this Count.

61.     CCE has been damaged as a result of Defendants' infringing conduct described in this Count.  Defendants are, thus, liable to CCE in an amount that adequately compensates it for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JOINDER OF PARTIES

62.     CCE incorporates paragraphs 1 through 61 herein by reference.

63.     On information and belief, AT&T, Sprint, T-Mobile, and Verizon have each purchased or otherwise acquired from LG certain mobile devices for sale, resale, and/or distribution to their customers (and other end users) that are the subject of Counts I through III

(or some subset thereof).  Thus, for these Counts, the right to relief against AT&T, Sprint, T-Mobile, and/or Verizon is asserted jointly and severally with LG.

64.     The alleged infringements set forth in Counts I through III arise out of the same transaction, occurrence, or series of transactions or occurrences relating to the testing, making, using, offering for sale, selling, and/or importing of the LG mobile devices made the subject of Counts I through III.

65.     Questions of fact common to all Defendants will arise in this action including, for example, infringement by, or through use of, LG mobile devices.

66.     Thus, joinder of LG, AT&T, Sprint, T-Mobile, and Verizon is proper in this litigation pursuant to 35 U.S.C. § 299(a).

## JURY DEMAND

CCE hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

CCE requests that the Court find in its favor and against Defendants, and that the Court grant CCE the following relief:

a.     Judgment that one or more claims of the '966, '556, and '060 patents have been infringed, either literally and/or under the doctrine of equivalents, by Defendants and/or by others whose infringements have been induced by Defendants and/or others to whose infringements Defendants have contributed;

b.     Judgment that Defendants account for and pay to CCE all damages to and costs incurred by CCE because of Defendants' infringing activities and other conduct complained of herein;

c.     Judgment that Defendants account for and pay to CCE a reasonable, ongoing, post-judgment royalty because of Defendants' infringing activities and other conduct complained of herein;

d.     That Defendants' infringements relative to the '966, '556, and '060 patents be found willful from the time that Defendants became aware of the infringing nature

of their products, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

e.     That CCE be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein; and

f.     That CCE be granted such other and further relief as the Court may deem just and proper under the circumstances.


**Dated: December 19, 2014**                    Respectfully submitted,

*/s/ Edward R. Nelson, III by permission Claire A. Henry*
Edward R. Nelson, III – LEAD ATTORNEY
enelson@nbclaw.net
Texas State Bar No. 00797142
Brent N. Bumgardner
bbumgardner@nbclaw.net
Texas State Bar No. 00795272
Barry J. Bumgardner
barry@nbclaw.net
Texas State Bar No. 00793424
S. Brannon Latimer
blatimer@nbclaw.net
Texas State Bar No. 24060137
Thomas C. Cecil
tcecil@nbclaw.net
Texas State Bar No. 24069489
NELSON BUMGARDNER CASTO, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Phone:  (817) 377-9111
Fax:  (817) 377-3485

T. John Ward, Jr.
Texas State Bar No. 00794818
J. Wesley Hill
Texas State Bar No. 24032294
Claire Abernathy Henry
Texas State Bar No. 24053063
WARD & SMITH LAW FIRM
P.O. Box 1231
1127 Judson Rd. Ste. 220
Longview, Texas  75606-1231
(903) 757-6400

(903) 757-2323 (fax)
jw@jwfirm.com
wh@wsfirm.com
ch@wsfirm.com

**ATTORNEYS FOR PLAINTIFF
CELLULAR COMMUNICATIONS
EQUIPMENT LLC**